STATE OF INDIANA     )
                     ) SS:
COUNTY OF LAPORTE)

IN THE LAPORTE SUPERIOR COURT

CAUSE NO. 46D03 1612 CT 212 C

ERIC WILBURN,

    Plaintiff,

v.

STATE OF INDIANA, CORIZON HEALTH, INC.,
OFFICER W. PARNELL, and DAWN NELSON,

    Defendants.

IN CLERK'S OFFICE
DEC 29 2016
LA PORTE SUPERIOR COURT NO. 3

## COMPLAINT AND JURY DEMAND

Plaintiff, Eric Wilburn, alleges as follows against Defendants, State of Indiana, Corizon Health, Inc., Officer W. Parnell, Dawn Nelson, and Jane and John Does:

### I. NATURE OF ACTION

1. Mr. Wilburn is permanently disabled 50-year-old man who cannot urinate on demand due to a severe spinal injury. Defendants, however, have repeatedly attempted to force Mr. Wilburn to urinate on demand and in so doing have cruelly humiliated, punished, and inflicted suffering on him on the basis of his disability.

2. This action is brought against Defendants for their outrageous acts committed in violation of the United States Constitution, federal disability law, and the laws and public policies of the State of Indiana.

### II. PARTIES

3. Plaintiff Eric Wilburn ("Wilburn").

    a. Mr. Wilburn is a prisoner of the State of Indiana.

    b. Mr. Wilburn suffers from physical disabilities including permanent spinal, pelvic,



EXHIBIT A

and hip issues resulting from a near-fatal vehicle accident. Mr. Wilburn is a qualified individual within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a ("Section 504") and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12133 ("ADA") due to physical impairments substantially limiting, among other things, major life activities as well as the operation of his bladder. If provided reasonable modifications, services, or the removal of barriers, Mr. Wilburn meets the essential requirements for the receipt of relevant services and is eligible for participation in programs provided to non-disabled individuals. 42 U.S.C. §§ 12102(2), 12131(2).

4. Defendant is State of Indiana ("State").

   a. Defendant State is named in its official capacity for purposes of Mr. Wilburn's disability rights claims and in its representative capacity for purposes of his tort claims. Defendant State is not named for purposes of Mr. Wilburn's constitutional claims. Defendant State operates Indiana State Prison ("ISP") through its Department of Correction and employed individual state Defendants at all times relevant to this action.

   b. Defendant State is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is subject to Title II of the ADA and its implementing regulations. Defendant State is a recipient of federal financial assistance within the meaning of Section 504, 29 U.S.C. § 794; 28 C.F.R. 42.540(e)-(f), and operates services, programs, or activities within the meaning of Title II and Section 504. Defendant State has a non-delegable duty to provide

2

prisoners adequate medical care.

5. Defendant is Corizon Health, Inc. ("Corizon").

   a. Defendant Corizon is a for-profit corporation Defendant State contracted with to provide medical and urinalysis services to Mr. Wilburn. Defendant Corizon is named in its official capacity for purposes of Mr. Wilburn's constitutional and disability rights claims and in its representative capacity for purpose of his tort claims.

   b. Defendant Corizon at all times material maintained a wrongful and discriminatory policy, practice, custom, or procedure concerning health, medical, and urinalysis care and/or failed to adequately train and/or supervise employees charged with delivering medical and urinalysis services. Defendant Corizon employed individual Corizon employee Defendants at all times relevant to this action. Defendant Corizon is named as liable under the theory of respondeat superior for the torts, but not the constitutional wrongs, of its employees.

6. Defendants are also Officer W. Parnell are Jane and John Doe State of Indiana Correctional Officers ("Officers"). These Defendants are named in their individual capacities for purposes of Mr. Wilburn's constitutional and tort claims. At all times material, these Defendants acted under color of law for purposes of Mr. Wilburn's constitutional claims and within the scope of their employment for purposes of Mr. Wilburn's tort claims.

7. Defendants are also Dawn Nelson and Jane and John Doe Corizon Employees ("Employees"). These Defendants are named in their individual capacities for purposes of Mr. Wilburn's constitutional and tort claims. At all times material, these Defendants

3

acted under color of law for purposes of Mr. Wilburn's constitutional claims and within the scope of their employment for purposes of Mr. Wilburn's tort claims.

### III. FACTS

#### A. BACKGROUND

8. In October 2013, Defendant State transferred Mr. Wilburn, an Indiana state prisoner, to Indiana State Prison ("ISP").

9. Defendants at the time of transfer had written medical notification of Mr. Wilburn's physical disability.

10. Defendants also had written medical notification that Mr. Wilburn could not participate in a prison drug screen program without a blood draw or other reasonable service or accommodation.

11. Mr. Wilburn was subsequently classified and housed by Defendant State at the prison as a minimum-security "level one" prisoner where Mr. Wilburn participated in the programs and activities available to this level of prisoner.

#### B. PUNISHMENT & DISCRIMINATION

12. On or about January 5, 2016, Defendant Parnell ordered Mr. Wilburn to urinate on demand in order to participate in the drug screen program of Defendants State and Corizon.

13. In response, Mr. Wilburn reminded Defendant Parnell that he could not urinate on demand and that he could not participate in a prison drug screen program without a blood draw or other reasonable service, such as catheterization.

14. Defendant Parnell and Defendant Corizon employees, however, denied Mr. Wilburn the service of a blood draw or catheterization. Mr. Wilburn, therefore, could not participate

4

in the drug screen program as non-disabled prisoners could.

15. Defendant Parnell continued to insist that Mr. Wilburn urinate on demand and ordered him to drink water to produce urine upon demand.

16. After two hours of trying to urinate on command, Mr. Wilburn became physically ill, suffered severe physical pain, and, due to his illness and pain, collapsed.

17. Rather than providing Mr. Wilburn services to participate in the program, however, Defendant Parnell falsely accused Mr. Wilburn of "disorderly conduct."

18. Between January 2016 and May 2016, Defendants tried to force Mr. Wilburn urinate on demand in this manner a total of at least five (5) times.

19. Mr. Wilburn was unable to urinate on demand on any of these occasions and suffered excruciating pain and humiliation.

20. On January 11, 2016, Mr. Wilburn, in an attempt to halt the suffering to which Defendants were subjecting him, submitted another letter from a physician stating that he could not participate in a prison drug screen program without a blood draw or other reasonable service.

21. Defendants, nevertheless, continued to subject Mr. Wilburn to suffering through their demands from him to urinate on command.

22. On January 27, 2016, further, Mr. Wilburn was punished over the earlier false accusation of disorderly conduct. Punishment included, among other things, transfer to ISP's maximum security facility.

23. On February 16, 2016, Defendant Nelson, Defendant Corizon's Health Services Administrator, in writing stated that Defendant Corizon did not and would not provide him

5

a reasonable service or accommodation, including a blood draw or catheterization.

24. On March 4, 2016, Defendant Nelson stated in writing that Mr. Wilburn had to comply with on-demand urinalysis testing because Defendant Corizon would not "cath or draw blood" as a service to Mr. Wilburn.

25. Mr. Wilburn exhausted his administrative remedies complaining of Defendants' treatment and repeatedly offered to go through the painful process of a blood draw or catheterization.

26. Defendants repeatedly denied his requests.

27. On April 5, 2016, in fact, the executive assistant to ISP's superintendent told Mr. Wilburn in writing that "I am at a loss as to how you believe that I can assist you in this matter."

28. Finding no relief from Defendants, Mr. Wilburn was forced to file a petition for writ of habeas corpus to address his wrongful discipline.

29. On May 6, 2016 and only after Mr. Wilburn filed his petition for writ of habeas corpus, Defendant State claimed to have dismissed his disciplinary case.

30. However, Defendant State did not remove his conviction nor did it return him to minimum security nor did it provide him with access to the programs and benefits available to non-disabled prisoners in minimum security.

## C. CONTINUING PUNISHMENT & DISCRIMINATION

31. Mr. Wilburn has continued to complain to prison administration of his discriminatory placement in maximum security.

32. Defendants have rejected Mr. Wilburn's continuing complaints.

33. On June 9, 2016, in fact, prison staff for Defendant State rejected Mr. Wilburn's concerns telling him, insultingly, that "there is no such medical diagnosis as a shy bladder".

6

34. On June 19, 2016, Defendant State prison staff confirmed that Mr. Wilburn would continue to be punished on the basis of his disability and kept in maximum security.

35. To date, Mr. Wilburn has not been transferred him back to minimum security nor been provided access to the programs and benefits available to non-disabled prisoners in minimum security.

36. On July 4, 2016, Mr. Wilburn filed his Notice of Tort Claim. This claim is attached and incorporated into this complaint as Exhibit A.

## IV. CLAIMS FOR RELIEF

*DISABILITY RIGHTS CLAIMS*

### SECTION 504, 29 U.S.C. § 794a & TITLE II OF THE ADA, 42 U.S.C. § 12132
(DEFENDANTS STATE & CORIZON)

37. Under Section 504 of the Rehabilitation Act and Title II of the ADA, Defendants State and Corizon, as a public entities and recipients of U.S. federal financial assistance, are prohibited from discriminating against qualified individuals with disabilities by denying them services afforded to individuals without disabilities.

38. By policy, practice, or procedure, or through their employees, based on the facts above, Defendants State and Corizon as public entities and recipients of U.S. federal financial assistance discriminated against Mr. Wilburn on the basis of and because of his disabilities by violating his fundamental rights and denying him benefits and services afforded to individuals without disabilities.

39. As a result of the intentional, willful, and wanton wrongdoing of Defendants State and Corizon, Mr. Wilburn suffered physical injury, pain, humiliation, mental anguish, emotional distress, and other damages.

7

## CONSTITUTIONAL RIGHTS CLAIMS

### FOURTEENTH & EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION
(DEFENDANTS CORIZON, NELSON, PARNELL, & DOES)

40. Under the Fourteenth Amendment, Defendant Corizon may not discriminate against prisoners without a reason rationally related to a legitimate governmental interest and so violate their fundamental rights by denying them the equal protection of laws.

41. However, based upon the facts above, Defendant Corizon so discriminated against Mr. Wilburn and violated his rights through its policy, practice, custom, or procedure, or failure to train or supervise its employees.

42. Defendants Nelson, Parnell, and Does further intentionally, willfully, wantonly, and maliciously discriminated against Mr. Wilburn by denying him equal protection of laws.

43. As a result of the wrongdoing of Defendants Corizon, Nelson, Parnell, and Does, Mr. Wilburn suffered physical injury, humiliation, pain, mental anguish, emotional distress, and other damages and injury.

44. Under the Eighth Amendment, Defendants Corizon, Nelson, Parnell, and Does may not subject prisoners to cruel and unusual punishment.

45. However, based upon the facts above, Defendant Corizon so violated Mr. Wilburn' rights through its policy, practice, custom, or procedure, or failure to train or supervise its employees.

46. Defendants Nelson, Parnell, and Does further intentionally, willfully, and wantonly, based on the facts above, also so violated Mr. Wilburn' rights.

47. As a result of the intentional wrongdoing of these Defendants, Mr. Wilburn suffered physical injury, pain, mental anguish, emotional distress, and other damages and injury.

## TORT CLAIMS

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS & NEGLIGENCE
### (ALL DEFENDANTS)

48. Based upon the facts above, Mr. Wilburn contends individual Defendants subjected him to negligent infliction of emotional distress and negligence in violation of the laws and public policies of the State of Indiana.

49. The acts and omissions were willful, wanton, malicious, and in reckless violation of Mr. Wilburn's rights, subjecting him to pain, humiliation, mental anguish, emotional distress, and other damages and injury.

50. Defendants State and Corizon are liable for the torts of their employees who were acting within the scope of employment.

## V. PRAYER FOR RELIEF

Wherefore, Mr. Wilburn respectfully requests the Court:

A. Award Mr. Wilburn compensatory damages;

B. Award punitive damages against Corizon and individual defendants for violations of constitutional law;

C. Award Mr. Wilburn's counsel costs and legal fees pursuant to 29 U.S.C. § 794a(b), 42 U.S.C. § 12133, and 42 U.S.C. § 1988; and

D. Grant all other just and proper relief.

## JURY DEMAND

Mr. Wilburn demands a trial by jury in this action pursuant to Rule 38(B) of the Indiana Rules of Trial Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*/s/ David W. Frank*

David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Mr. Eric Wilburn

DF

\* (NOTICE OF TORT)

Attn: (All served)

Tort Claims Administration
Indiana Department of Correction
Indiana Government Center South, Room W341
302 W. Washington Street
Indianapolis, IN 46204

Indiana State Prison
1 Park Row
Michigan City, IN 46360

CORIZON
302 W. Washington St; E-334
Indianapolis, IN 46204

Ombudsman Dept.
402 W. Washington St; Rm. W479
Indianapolis, IN 46204

Attorney General of Indiana
Ind. Gov. Center S., 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

- O -

Exhibit A

(NOTICE OF TORT)
Eric Wilburn #880774
CE Cellhouse #203 Indiana State Prison
One Park Row
Michigan City, IN 46360

Date: July 2, 2016

(Tort Claims Administration)
Indiana Department of Correction
Indiana Government Center South, Room W341
302 W. Washington Street
Indianapolis, IN 46204

RE: Tort Claims Notice by Wilburn, Eric #880774/CE-203 et. seq. (1) Doctor Mittcheff; (2) Tony Hobbs, (Medical); (3) Mary Ann; (4) J. Lyttle, Appeal Review Officer; Bruce Lemmon, (Commissioner)

Dear Persons,

Pursuant to Indiana Code 34-13-3-8, this letter is to provide you Notice of claim for tort brought against: The Indiana Department of Corrections; e.t. seq.; Indiana State Prison, e.t. seq.; Corizon Medical Services, e.t. seq., Ombudsman Dept.

-1-

I. Circumstance of incident; A urinalysis test was ordered upon me at the ISO facility on the following dates. 1-5-2016; 1-5-2016; 2-24-2016; and then I had been brought inside the Wall per Ron Neal the Superintendent while at ISP on 3-14-2016, 4-5-2016, and 5-6-2016.

The Facility took disciplinary actions against me despite letters from Doctor Holmes, (Family physician), and denied me.

II. I was a resident of the ISO Facility at the time of the incident as a level (1) ISO 201 Woodlawn Ave. Michigan City, IN 46360. Currently I am a resident at ISP at a level (4) Facility at the INDIANA STATE PRISON, ERIC WELBURN #880774 CE CELLHOUSE #203 ONE PARK ROW MICHIGAN CITY, IN 46360.

III. Extent of Loss: At ISO They were trying to force my bladder into urinating, which caused me to get nausiated, and when I ask them to cath or do a blood draw I was denied and locked up. The facility are aware of my medical condition from letters that my doctor has wrote. Now, humiliated and taken from a level (1) one, where I was safe

II

in programs that would have given me an earlier outdate to a level (4) at ISP where my life is in danger everyday around people that can hurt, kill, or take things from me at anytime. Not only was disciplinary actions taken and my medical problems overlooked, but also my programs and level (1) status has been taken.

IV. On January 5, 2016 At ISO 201 Woodlawn Ave. Michigan City, IN 46360 Indiana Department of Corrections (1) Doctor Mitcheff; (2) Tony Hobbs, (Medical Director) (3) Mary Ann (4) J. Lyttle, Appeal review officer; (5) Bruce Lemmon. (Commissioner).

Indiana State Prison One Park Row Michigan City, IN 46360 (1) Ron Neal, Superintendent; (2) K. Gann, Assistant Superintendent; (3) Major Tibbles; (4) Vickie Long, Executive Assistant; (5) Ofc. Parnell (IA) Dept. of Urinalysis Testing; Lt. T. Gordon; (7) N. Rodriquez DHB Ofc. of ISC (8) Julie A. Anton DHB Ofc. of ISP; (9) Sgt. Everette; (10) Kyle Moore; ISO Case Manager; (11) D. Bodlovich, Supervisor of Classification; (12) Mr. Thatcher, ISO Assistant Superintendent/ Overseer; - CORIZON- (1) Doctor Kluenski; (2) Doctor Thompson; (3) Dawn Nelson (Administrator) (4) Sandra Redden (CMS)

III

(5) Jennifer Chapman, (RN)
(6) Sandy Davis (CMS).

VI Relief sought; I Wilburn, Eric #880774 am seeking to be awarded for punitive damages and compensated for the time lost, Programs, and level status given; or immediate release with adequate compensation for hardship I have endured. Seven Hundred Thousand Dollars to one point six million Dollars for the facility violating my eight Amendment right and subduing me to a level (4) prison where my life is in jeopardy, and inadequate medical care and disciplinary actions where taken against me.

Respectfully Submitted
Eric Wilburn
Wilburn, Eric #880774
CE Cellhouse #203 INDIANA STATE PRISON
ONE Park Row
Michigan City, IN 46360

IIII

AFTER FIVE DAYS RETURN TO
**LYNNE F. SPEVAK**
CLERK, SUPERIOR COURT NO. 3
813 LINCOLNWAY, SUITE 209
LaPorte, Indiana 46350-3492

7012 2210 0001 8837 4019

CORIZON HEALTH INCORPORATED
HIGHEST RANKING OFFICER
103 POWELL COURT
BRENTWOOD TN 37027