UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC WILBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-059 JD |
| | ) |
| STATE OF INDIANA, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The defendants moved for summary judgment on their affirmative defense that the plaintiff, a prisoner, failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. The Court referred that motion to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Michael G. Gotsch, Sr., thus prepared a Report and Recommendation in which he recommends that the Court deny the defendants' motion. In particular, he concluded that a genuine dispute of fact exist as to whether prison staff misrepresented the proper grievance process or interfered with the plaintiff's grievances so as to make the grievance process unavailable to him. The Report and Recommendation was entered on the docket on January 23, 2018, giving the parties through February 6, 2018 to file any objection, Fed. R. Civ. P. 72(b)(2), but no objections were filed.

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no

objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

The Court has reviewed the Report and Recommendation and does not find any clear error, so it ADOPTS the Report and Recommendation. [DE 50]. Accordingly, the Court DENIES the defendants' motion for summary judgment on exhaustion. [DE 18]. The Court likewise denies the plaintiff's request, made only in his response brief, for summary judgment in his favor on this issue. Unless the defendants elect to withdraw their exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve that defense. The defendants are therefore ORDERED to file a notice within fourteen days of this order advising the Court whether they elect to withdraw their exhaustion defense or proceed with a *Pavey* hearing.

SO ORDERED.

ENTERED: February 7, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court