UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC WILBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No.:  3:17-cv-00059-JD |
| | ) |
| STATE OF INDIANA, | ) |
| CORIZON HEALTH, INC., | ) |
| OFFICER W. PARNELL, | ) |
| and DAWN NELSON, | ) |
| | ) |
| Defendants. | ) |

## MEDICAL DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND STAY DISPOSITIVE MOTION DEADLINE PENDING RULING

Medical Defendants, Corizon and Dawn Nelson, by counsel, respectfully submit their Motion to Enforce Settlement Agreement and Stay Dispositive Motion Deadline pending ruling upon this Motion. Medical Defendants state the following in support:

1.     On July 8, 2019, counsel for Medical Defendants extended an offer to Plaintiff's counsel to resolve this case. *See Exhibit A, Email Correspondence Confirming Settlement Agreement.* Said offer was open until close of business on July 11, 2019. *Id.* On July 11, 2019, undersigned received an email from Plaintiff's counsel's paralegal requesting an extension of the offer until July 12, 2019 to accept, reject, or counteroffer. *Id.* At that time, there was a dispositive motion deadline on July 12, 2019 and, therefore, the request to extend the time to respond was rejected by the undersigned. *Id.* Subsequent to that rejection, undersigned received email correspondence from Plaintiff's counsel's paralegal, with Plaintiff's counsel copied,

accepting Medical Defendants' original offer to resolve the claims against them. *Id.* Subsequent to that acceptance, the undersigned sent correspondence to Plaintiff's counsel and staff with terms of the resolution, which were also accepted by Plaintiff's counsel. *Id.*

2. Pursuant to the above, a joint stipulation of dismissal of Dawn Nelson was filed on July 17, 2019 and the undersigned sent a draft settlement release to Plaintiff. *See Dkt. No. 106; Exhibit A.*

3. Undersigned sent follow-up correspondence to Plaintiff's counsel on July 22, 2019 and July 25, 2019 in attempt to receive approval of the language in a settlement release prior to the upcoming dispositive motion deadline. Undersigned had a phone conference with Plaintiff's counsel on July 25, 2019, at which time undersigned was informed Plaintiff's counsel had approved the language in the Release and the Release had been forwarded to Plaintiff for signature.

4. Undersigned sent follow-up correspondence to Plaintiff requesting the signed release on August 5, 2019, August 8, 2019, August 15, 2019, and finally, on August 20, 2019. In the undersigned's last correspondence, the undersigned placed Plaintiff on notice that if Medical Defendants were not in possession of a signed release by September 1, 2019, they would have no choice but to file a Motion to Enforce the Settlement Agreement.

5. To date, the undersigned have not received a signed release from Plaintiff and Defendants are now forced to seek the intervention of the Court to enforce the terms of the settlement agreement as detailed in email correspondence attached to this Motion and the proposed release.

6. The question of whether the parties entered into an enforceable settlement agreement in a federal suit is governed by state law. *See*

502, 506 (7th Cir. 2007) (quoting *Lynch, Inc. v. SamataMason Inc*., 279 F.3d 487, 490 (7th Cir. 2002) (holding that any uncertainty over whether federal or state law applies to the enforcement of the settlement of a federal suit has been "dispelled; it is state law")).

7. Under Indiana law, "[s]ettlement agreements are governed by the same general principles of contract law as any other agreement." *Hampton v. ITT Commc'n Sys. Div*., No. 1:10-cv-291, 2012 U.S. Dist. LEXIS 79177, 2012 WL 2064510 at 3-4, (N.D. Ind. June 7, 2012) (quoting *Zukerman v. Montgomery*, 945 N.E.2d 813, 819 (Ind. Ct. App. 2011) (noting all that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required)). The required elements to form a valid contract in Indiana are an offer, an acceptance, consideration, and a manifestation of mutual assent. *Id.* (citing *In re Paternity of M.F.*, 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010)). Indiana "strongly favors settlement agreements[,]" and "it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id*. (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

8. It is also well-established that "[p]ost acceptance conduct does not retract an earlier acceptance." *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010). Indeed, "[b]uyer's remorse cannot undo a contract to which all parties have given their assent." *Newkirk v. Village of Steger*, 536 F. 3d 771, 775 (7th Cir. 2008). Moreover, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient...'" *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) (citation omitted); *see Baptist v. City of Kankakee*, 481 F.3d 485, 492 (7th Cir. 2007). Finally, a refusal to sign a document memorializing an agreed upon settlement does not invalidate the agreement.

*Airlines, Inc.*, 110 F. Supp 2d 829, 840 (S.D. Ind. 1999) (settlement enforced despite plaintiff's refusal to sign document memorializing the agreement), *aff'd* 213 F.3d 336, 340 (7th Cir. 2000) ("misplaced belief that he could back out of the settlement at any time prior to signing it does not entitle him to legal relief from a settlement negotiated with actual authority by his attorney"); *see Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992) ("The fact that a formal written document is anticipated does not preclude enforcement of a specific preliminary purpose.").

9. Here, the material terms of the settlement agreement negotiated between July 7, 2019 and July 11, 2019 via email correspondence are that: (1) Plaintiff will release his claims against Medical Defendants only with a stipulation of dismissal to be filed first as to Dawn Nelson; (2) Plaintiff agrees that the terms of the settlement agreement are confidential; and (3) in exchange, Medical Defendants will pay Plaintiff a certain amount of money. Plaintiff accepted this agreement through correspondence of Plaintiff's counsel's paralegal with Plaintiff's counsel copied in said correspondence. That creates a valid and enforceable settlement agreement under Indiana law. Plaintiff knowingly entered into a settlement agreement with Defendants. Plaintiff did not disagree or object to the terms of the settlement. In fact, Plaintiff affirmatively agreed to the terms after negotiations and a rejection of an extension to consider the proposal. Thus, there is no meaningful dispute that an agreement was reached on July 11, 2019.

10. It now appears that Plaintiff has simply changed his mind about the settlement agreement or for some unknown reason refuses to release his claims against Medical Defendants.

11. Pursuant to Indiana law, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient[.] . . . If a party to a . . . suit who has previously authorized a settlement changes his mind ..., that party remains bound by the terms of the agreement." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454 (7th Cir. 1986).

12.     Under these circumstances, Medical Defendants are entitled to enforce the settlement agreement agreed to by the Plaintiff under federal and Indiana law.  Medical Defendants also respectfully request an award of costs and reasonable attorneys' fees associated with the filing of this motion pursuant to 28 U.S.C. § 1927 where Plaintiff unreasonably or vexatiously multiplied the proceedings.

13.     Lastly, Medical Defendants request a stay of the dispositive motion deadline currently set for September 9, 2019 pending a ruling upon this Motion. Should this Motion be granted, a dispositive motion would be unnecessary.  Should Medical Defendants be required to file a dispositive motion after reaching an enforceable settlement agreement in this case, Medical Defendants would also request costs and attorneys' fees associated with the filing of a dispositive motion.

WHEREFORE, Medical Defendants pray that the Court enforce the settlement agreement entered into by Medical Defendants and Plaintiff through their counsel, and award Medical Defendants the cost and reasonable attorneys' fees associated with this motion, and for all other just and proper relief.

Respectfully submitted,

/s/ Christopher Andrew Farrington
Christopher Andrew Farrington, #34006-49
*One of the Attorneys for Defendant, Corizon Health, Inc. and Dawn Nelson*

Carol A. Dillon, #25549-49
Christopher Andrew Farrington, #34006-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365
Phone: (317) 567-2222
Fax: (317) 567-2220
carol@bleekedilloncrandall.com

drew@bleekedilloncrandall.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Christopher C. Myers
> Christopher C. Myers & Associates
> 809 South Calhoun Street
> Suite 400
> Fort Wayne, IN 46802-2307
> cmyers@myers-law.com
> *Attorney for Plaintiff*

> Benjamin C. Ellis
> Bryan R. Findley
> Deputy Attorney General
> OFFICE OF INDIANA ATTORNEY GENERAL
> Indiana Government Center South, 5th Floor
> 302 West Washington Street
> Indianapolis, IN 46204-2770
> Benjamin.Ellis@atg.in.gov
> Bryan.Findley@atg.in.gov
> *Attorney for the State of Indiana*
> *and Willie Parnell*

/s/ Christopher Andrew Farrington